**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-2167**

_____

CHRISTOPHER L. BODKIN,

        Plaintiff - Appellant,

    v.

TOWN OF STRASBURG, VIRGINIA; TIM SUTHERLY, Individually and
in his Official Capacity as Chief of Police, Town of
Strasburg,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.   Samuel G. Wilson,
District Judge. (5:08-cv-00083-sgw-mfu)

_____

Submitted: June 4, 2010        Decided: June 29, 2010

_____

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Annette K. Rubin, Leesburg, Virginia, for Appellant.   Rosalie
Pemberton Fessier, TIMBERLAKE, SMITH, THOMAS & MOSES, P.C.,
Staunton, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher L. Bodkin appeals the district court's order granting summary judgment in favor of the Town of Strasburg ("the Town") and its police chief, Tim Sutherly. Bodkin claimed that Sutherly and the Town violated his due process rights and terminated him on the basis of his age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 to 634 (2006) ("ADEA"). On appeal, Bodkin argues that the district court erred in granting summary judgment as to the ADEA claim because the court (1) relied upon incorrect facts as the basis for its ruling; (2) failed to consider Bodkin's direct and circumstantial evidence of discrimination; and (3) accepted as true Sutherly's and the Town's evidence despite inconsistencies with documentary evidence and witness testimony. Bodkin challenges the due process ruling, alleging that the district court erred in treating Bodkin's "separation from employment as a voluntary resignation," rather than a termination. We affirm.

This court reviews de novo a district court's grant of summary judgment. Universal Concrete Prods. v. Turner, 595 F.3d 527, 529 (4th Cir. 2010). Summary judgment is appropriate when the "pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

2

as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

To establish his due process claim, Bodkin must show that he was deprived of a constitutionally protected property or liberty interest by state action. Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). Because Bodkin resigned, state action did not cause his job loss. See id. at 173 (holding that a voluntary resignation relinquishes a property interest and is not subject to due process protections). If, however, Bodkin's resignation was "so involuntary that it amounted to a constructive discharge, it must be considered a deprivation by state action triggering the protections of the due process clause." Id. at 173. A resignation is involuntary when it is obtained either through material misrepresentation, or by duress or coercion. Id. at 174. "Under the misrepresentation theory, a resignation may be found to be involuntary if induced by an employee's reasonable reliance upon an employer's misrepresentation of a material fact concerning the resignation. A misrepresentation is material if it concerns either the consequences of the resignation or the alternative to resignation." Id. (internal quotation marks and citations omitted). Under the duress/coercion theory, a

3

resignation is involuntary if, based on the totality of the circumstances, the employer's conduct deprived the employee of free choice in the matter. Id. Circumstances to be considered are: "(1) whether the employee was given some alternative to resignation; (2) whether the employee understood the nature of the choice he was given; (3) whether the employee was given a reasonable time in which to choose; and (4) whether he was permitted to select the effective date of his resignation." Id.

We have reviewed the record and conclude that Bodkin's resignation was voluntary. The resignation was neither induced by his employer's alleged misrepresentations, nor the product of coercion or duress. Accordingly, we affirm the district court's entry of summary judgment on this claim.

To succeed on an ADEA claim, Bodkin "must prove, by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2351 (2009). ADEA claims sought to be proven using circumstantial evidence are analyzed under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000) (assuming that the McDonnell Douglas burden-shifting framework applies to ADEA claims); Mereish v. Walker, 359 F.3d 330, 334 (4th Cir. 2004)

4

(applying <u>McDonnell Douglas</u> framework to ADEA claims). To prevail under the burden-shifting framework, Bodkin must show: (1) he is "a member of a protected class" — that is, 40 years or older; (2) he "suffered an adverse employment action"; (3) he "was performing [his] job duties at a level that met [his] employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open" or he was replaced by a substantially younger person. <u>Hill v. Lockheed Logistics Mgmt., Inc.</u>, 354 F.3d 277, 285 (4th Cir. 2004).

We have reviewed the record and conclude that Bodkin failed to make a prima facie showing of unlawful age discrimination in the district court. Accordingly, the district court did not err in granting summary judgment in favor of Sutherly on Bodkin's ADEA claim.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>